IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ARTHUR ROSS,

    Plaintiff,

v.

JOHN MYRICK, et al.,

    Defendants.

Case No. 2:18-cv-00046-YY

ORDER

HERNÁNDEZ, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court is Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 21). For the reasons that follow, the court DENIES Plaintiff's Motion.

## **BACKGROUND**

Plaintiff's Complaint alleges that Defendants violated Plaintiff's rights by collecting monies from Plaintiff's prison trust account to satisfy judgments for state court filing fees Plaintiff incurred

by filing two state post-conviction relief ("PCR") proceedings. In each of the two cases, the Umatilla County Circuit Court issued a limited money judgment directing the Oregon Department of Corrections ("ODOC") to place liens against Plaintiff's ODOC trust account, which were payable when funds were available toward the satisfaction of the liens. Plaintiff does not dispute that he filed the state PCR proceedings or that he owed the filing fees to the state court, but alleges that in using funds from his prison trust account to pay the fees, Defendants violated his right to be free from illegal search and seizure, cruel and unusual punishment, equal protection, due process, and to be free from forms of slavery and the "Oregon Poverty Rule."

In his Motion for Emergency Preliminary Injunction, Plaintiff requests an order "immediately halt[ing] all debt collection until the resolution of [this] case," including debt collection for "outside debt like child support, court fees or some garnishment/lien." Plaintiff does not allege that he has or is likely to suffer any irreparable harm as a result of ODOC's debt collection practices; he says that he is "constantly living in poverty" due to the repayment of his court debts.

## LEGAL STANDARDS

"A party seeking a preliminary injunction must meet one of two variants of the same standard." *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the original standard, a plaintiff must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Id.*; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Alternately, if a plaintiff can demonstrate only that there are serious questions going to the merits (a lesser showing than a likelihood of success on the merits), a preliminary injunction still may issue if the balance of

2 - ORDER -

hardships tips sharply in the plaintiff's favor and he demonstrates irreparable harm and that the injunction is in the public interest. *Alliance for the Wild Rockies*, 865 F.3d at 1217.

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting such a motion, before trial, is appropriate only in extraordinary circumstances. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011), *cert. denied*, 565 U.S. 1245 (2012). Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## **DISCUSSION**

Plaintiff has not established a likelihood of success on the merits of his claim. In light of administrative rules authorizing ODOC to manage inmate funds and to assess an inmate's account for court-ordered costs and fees in state PCR cases, Plaintiff does not have any reasonable expectation of privacy sufficient to support a claim of illegal search and seizure. *See Jackson v. SCI-Camp Hill*, Case No. 1:11-cv-1135, 2012 WL 3990888, at *6 (M.D. Pa. Sept. 11, 2012) (plaintiff has no Fourth Amendment rights in his prison financial account), *aff'd* 530 Fed. Appx. 150 (3rd Cir. 2013); *Edmondson v. Fremgen*, 17 F. Supp. 3d 833, 836 (E.D. Wisc. 2014) (rejecting an inmate's argument that the freezing of his prison trust account constituted an illegal seizure because "freezing [the] account [was] part of a process Plaintiff himself initiated by asking to proceed *in forma pauperis* on his appeals"), *aff'd* 590 Fed. Appx. 613 (7th Cir. 2014). Nor did the withdrawal of

funds from Plaintiff's trust account rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation). Plaintiff also does not establish that Defendants violated his equal protection rights as he has not demonstrated that Defendants discriminated against him on the basis of his membership in a protected class or that they intentionally treated him differently from similarly situated individuals without a legitimate state purpose for doing so. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Finally, Plaintiff received all the process due in connection with the collection of monies from his trust account to satisfy the state court judgments because he was provided with the opportunity for administrative review after ODOC collected the funds and applied them toward his debt in accordance with ODOC administrative rules. *See United States v. Poff*, 727 Fed. Appx. 249, 253 (9th Cir. 2018) (plaintiff whose inmate trust account funds were encumbered without prior notice was not entitled under Due Process Clause to a pre-deprivation hearing where the encumbered funds were not needed for subsistence and where the entirety of the funds was subject to a judgment lien, the amount of which had been previously determined through judicial process), *pet'n for cert. filed*, Case No. 18-195 (Aug. 14, 2018).[1]

---

[1]Plaintiff's claim that the collection of funds from his prison trust account implicates his constitutional right to be free from slavery lacks merit as there is a specific exception carved out of the Thirteenth Amendment such that a prisoner's labor does not fall under the prohibition against slavery. *See Hale v. State of Arizona*, 993 F.2d 1387, 1394 (9th Cir. 1993) (en banc). Also, Plaintiff does not identify any statute, regulation, or case announcing or defining the "Oregon Poverty Rule" alleged in his Complaint.

4 - ORDER -

Moreover, Plaintiff has not established that he will suffer any harm, let alone irreparable harm, in the absence of preliminary injunctive relief. Although Plaintiff suggests that he is "living in poverty" due to the repayment of his court debts, there is no dispute that Plaintiff is an ODOC inmate whose housing, meals, and healthcare are provided. Moreover, even assuming for the sake of argument that Plaintiff's debts were incorrectly corrected, Plaintiff makes no showing that monetary relief would not make him whole. *See Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) ("[i]n the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation") (citing *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009) *overruled on other grounds by Douglas v. Independent Living Center of So. California, Inc.*, 565 U.S. 606 (2012)).

Because Plaintiff has not shown he is likely to prevail on the merits or to suffer irreparable harm in the absence of preliminary relief, the court "need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. For Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 19). Accordingly, the court denies Plaintiff's motion.

## CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 21).

IT IS SO ORDERED.

DATED this 30 day of August, 2018.

Marco A. Hernández
United States District Judge