IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JAMES ARTHUR ROSS, | No. 2:18-cv-00046-YY |
| Plaintiff, | ORDER |
| v. | |
| JOHN MYRICK, et al., | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Magistrate Judge You issued a Findings and Recommendation [38] on December 26, 2018 in which she recommends the Court grant Defendants' Motion for Summary Judgment [22] and deny Plaintiff's Cross Motion for Summary Judgment [26]. Plaintiff filed timely objections to the Findings and Recommendation. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections. The Court adopts Judge You's findings in part, but declines to adopt the analysis related to Plaintiff's due process claim. However, the Court concludes that Defendants are still entitled to qualified immunity. To determine whether a defendant is entitled to qualified immunity, a court asks whether (1) the defendant's conduct violated a constitutional right, and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 235–36 (2009). A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

It is clearly established that "[a]n agency, such as the [Oregon Department of Corrections] violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property without '[w]ithout underlying [statutory] authority and competent procedural protections.'" *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014 (9th Cir. 2011) (quoting *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003) (holding that Nevada Department of Prisons violated the Due Process Clause when officers confiscated the net accrued interest from an inmate's trust account without the underlying statutory authority to do so)). Here, however, the underlying statutory authority is ambiguous as to when and to what extent Defendants may collect post-conviction filing fees from prisoner trust accounts. Because of this ambiguity—and a complete lack of precedent—Defendants' conduct did not violate a clearly

established right, and they are therefore entitled to qualified immunity on Plaintiff's due process claim.

Plaintiff's objections do not otherwise provide a basis to modify the recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge You's Findings and Recommendation [38]. The Court GRANTS Defendants' Motion for Summary Judgment [22] and DENIES Plaintiff's Cross Motion for Summary Judgment [26].

IT IS SO ORDERED.

DATED this 18 day of April, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge